UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SABRINA POPE,

                              Plaintiff,        CIVIL CASE NO. 07-12606

v.

TROTT & TROTT ,

                              Defendant.
_____/        HONORABLE PAUL V. GADOLA
                                                                     U.S. DISTRICT JUDGE

## **ORDER DISMISSING CAUSE OF ACTION**

Now before the Court is *pro se* Plaintiff, Sabrina Kay Pope's complaint, motion to proceed *in forma pauperis*, and filing entitled "Emergency Stay Sheriff's Sales are Illegal," all filed on June 19, 2007. Because this matter is a companion case to Plaintiff's other actions filed in this Court, *see* E.D. Mich., Case Nos. 06-11251 (Gadola, J.), 07-10307 (Gadola, J.), 07-11693 (Steeh, J.), 07-11907 (Gadola, J.), the case was administratively reassigned to this Court, after initially being assigned by blind draw to the Honorable John Corbett O'Meara. *See* E.D. Mich. LR 83.11. Before this Court examines the present filings, a brief review of the disposition of the companion cases is necessary.[1]

Plaintiff's first complaint, in the action of *Pope v. Trott & Trott,* No. 06-11251(Gadola, J.), was woefully inadequate. The complaint and accompanying brief, even when "construed as to do substantial justice," Fed. R. Civ. P. 8(f), failed to present a justiciable claim or a "short and plain

---

[1]The Court's recital of the facts surrounding the previous complaints is taken almost verbatim from a collection of the Court's previous orders in the related matters .

statement of the grounds upon which the court's jurisdiction depends." Fed. R. Civ. P. 8(a)(1). After Defendants filed a motion to dismiss and Plaintiff filed several inexplicable documents, the Court issued an order to show cause. The order noticed Plaintiff of the shortcomings of the complaint along with Plaintiff's failure to follow numerous procedural rules. The Court warned Plaintiff that failure to respond to the order to show cause would result in dismissal. *See Pope v. Trott & Trott,* No. 06-11251, Order to Show Cause (July 7, 2006). Plaintiff failed to respond to the order and the case was dismissed. *See Pope v. Trott & Trott,* No. 06-11251, Order Dismissing Cause of Action (Aug. 8, 2006).

On January 19, 2007, Plaintiff filed another complaint against Defendant Trott & Trott. *See Pope v. Trott & Trott,* No. 07-10307. Although Plaintiff's new complaint was undisputedly related to the first complaint, Plaintiff answered "No" when asked if there were any "pending or previously discontinued or dismissed companion cases in this or any other court, including state court." *See Pope v. Trott & Trott,* No. 07-10307, Compl., p. 17. Because Plaintiff failed to indicate the case was a companion case, the new case was initially assigned to the Honorable Denise Page Hood. After finding that the case was a companion case to the case previously dismissed by the undersigned, the new case was administratively reassigned from Judge Hood to the undersigned on March 13, 2007.

That complaint set forth two purported claims, arguing that Plaintiff's "Due process was violated" and "Federal Land Patent laws" were violated. Plaintiff failed to set forth any facts related to either claim. Defendants filed a motion to dismiss; Plaintiff failed to file a response. Therefore, the Court granted Defendants' motion to dismiss. *See Pope v. Trott & Trott,* No. 07-

10307, Order Dismissing Cause of Action (Apr. 9, 2007). In so ordering the case dismissed, the Court found that Plaintiff had failed to set forth a short and plain statement upon which the Court's jurisdiction depended, failed to assert any justiciable claim against the Defendant, and failed to reveal any justifiable reason why Plaintiff had again violated numerous procedural rules. *See id.* The Court also noted that courts have consistently found "land patent" claims frivolous and without support in the law. *See id.* (citing *Thompkins-El v. Well Fargo Bank Minnesota*, No. 05-74705, 2006 WL 2433438, at *8 (E.D. Mich. Aug. 22, 2006)). Furthermore, the Court advised Plaintiff to become familiar with Rule 11 of the Federal Rules of Civil Procedure and Rule 11.1 of the Local Rules for the Eastern District of Michigan before proceeding with any future filings. *Pope v. Trott & Trott,* No. 07-10307, Order Dismissing Cause of Action (Apr. 9, 2007).

On April 16, 2007, Plaintiff filed a third complaint against Trott & Trott. Again, because Plaintiff indicated that this cause of action was *not* a companion case, the case was randomly assigned to the Honorable George Steeh. Judge Steeh dismissed the Plaintiff's claims after determining that Plaintiff's land patent, debt collection act, and truth in lending act allegations were frivolous and failed to state a claim upon which relief could be granted. *See Pope v. Trott & Trott,* No. 07-11693, Order Granting Pl.'s Mot. to Proceed In Forma Pauperis and Dismissing Claims Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) (Apr. 18, 2007).

On May 1, 2007, Plaintiff filed a fourth action. In that case, Plaintiff failed to respond to the question on the Civil Cover Sheet asking whether this cause of action was a companion case to any other cause of action. Accordingly, the case was initially assigned by blind draw to the Honorable Arthur Tarnow. After conducting an initial review of the complaint and discovering that the case

was, in fact, a companion case to those cases previously handled by the undersigned, the case was administratively reassigned. *See* E.D. Mich. L.R. 83.11.

That complaint stated in its entirety, "The Michigan Supreme Court [&] the U.S. Supreme Court say that the states do not own land so why are the state court[s] adjudicating land cases (foreclosures)[?]" Plaintiff also filed a document entitled "Emergency Stay Sheriff's Sales are Illegal." As the Court duly noted, that document did nothing to elucidate the complaint; the filing was a collection of various statements of law without any accompanying explanation. That filing concluded, "My treaty rights were violated as an indigenous and Sovereign Moor, I, Sabrina Pope/Siya Bey, am protected by the international Treaty of 'Peace and Friendship' of 1787."

After conducting a review of Plaintiff's application to proceed *in forma pauperis* ("IFP") in that case, the Court concluded that Plaintiff was unable to pay the fees associated with the filing of her complaint and her application to proceed IFP was granted. *See* 28 U.S.C. § 1915(a)(1). Nevertheless, because the complaint was entirely void of any justiciable claim, failed to allege any basis for jurisdiction in this Court, and failed to make any mention of Defendants, the complaint was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). *Pope v. Trott & Trott,* No. 07-11907, Order Dismissing Cause of Action (May 25, 2007).

Finally, on June 19, 2007, Plaintiff filed *Pope v. Trott & Trott,* Case No. 07-12606. Plaintiff's most recent complaint states, in its entirety, "The Michigan Supreme Court state[] the State of Michigan has no jurisdiction over land. Klaus vs Danowski (PA1955 No 247. As Amended PA1958.No94)." Plaintiff has again attached a document entitled "Emergency Stay Sheriff Sales Are Illegal," which again, does nothing to illuminate the complaint. Plaintiff also seeks to proceed

4

IFP.

Reviewing Plaintiff's application to proceed IFP, the Court is once again convinced that Plaintiff is unable to pay the fees associated with the filing of her complaint. Therefore, her application to proceed IFP will be granted. However, because her complaint is again entirely void of any justiciable claim, fails to allege any basis for jurisdiction in this Court, and fails to make any mention of Defendant, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Furthermore, the Court duly notes that it has been excessively lenient with Plaintiff and her filings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (finding that Complaints filed by *pro se* litigants are to be construed liberally and should not be held to the same stringent standard as formal pleadings drafted by licensed attorneys.). The Court has taken special care in an attempt to determine whether any set of facts would entitle the plaintiff to relief. *See Hughes v. Rowe*, 449 U.S. 5, 10 (1980). However, Plaintiff has repeatedly instigated cases that have failed to assert <u>any</u> basis in law or fact, has repeatedly filed the same or similar documents to those previously found plainly deficient, and has failed to defend the actions once they were instigated. Furthermore, she has repeatedly violated the procedural and substantive rules of the Court. The Court has admonished Plaintiff to become familiar with Rule 11 of the Federal Rules of Civil Procedure and Rule 11.1 of the Local Rules for the Eastern District of Michigan before proceeding with any future filings. *Pope v. Trott & Trott,* No. 07-10307, Order Dismissing Cause of Action (Apr. 9, 2007). The Court has also warned Plaintiff that although *pro se* litigants are granted substantial leeway, a "willfully underrepresented plaintiff volitionally assumes the risks and accepts the hazards that accompany self-representation." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F. 3d 552,

561 (6th Cir. 2000). Nevertheless, despite the Court's leniency Plaintiff filed a third, fourth, and now fifth, frivolous complaint, absent any apparent basis in law or fact. Each time, Plaintiff has filed her complaint seeking to proceed *in forma pauperis*. These filings have wasted substantial resources of all those parties involved and represents an abuse of the Court and the right to proceed *in forma pauperis*.[2] Not inconsequentially, the Court has expended considerable resources in handling each of the matters brought by Plaintiff while, proceeding *in forma pauperis*, Plaintiff has expended very little. Plaintiff's nettlesome actions have had an effect of depriving other litigants, litigants dutifully attempting to adjudicate valid claims, of essential Court resources. That is an injustice that neither the Court nor its litigants can continue to bear. Therefore, the Court is left without recourse but to enjoin Plaintiff from filing any future complaints *in forma pauperis* in this district against Trott & Trott, without prior authorization of this Court. In so doing, the Court is imposing the least restrictive means necessary to accomplish its goals.

**ACCORDINGLY**, for the foregoing reasons:

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* [docket entry #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this cause of action, Case No. 07-12606, is **DISMISSED**.

---

[2] The Court notes that, were Plaintiff a prisoner, she would be prevented from filing any future actions, absent imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). The Court also recognizes that § 1915 is generally applicable to non-prisoner complaints, *see United States v. Floyd*, 105 F.3d 274, 276 (6th Cir. 1997), superseded on other grounds, *Callihan v. Schneider,* 178 F.3d 800 (6th Cir. 1999)*,* but declines to examine the application of § 1915(g) to non-prisoners at this time.

**IT IS FURTHER ORDERED** that Plaintiff is **ENJOINED** from filing any future complaints *in forma pauperis* in this district against Trott & Trott unless Plaintiff receives prior authorization from this Court.

**IT IS FURTHER ORDERED** that any complaint filed by Plaintiff must be accompanied by (1) an application for permission to file the pleading; (2) an affidavit demonstrating that Plaintiff's allegations are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law and that the factual allegations have, or are likely to have, evidentiary support; and (3) an affidavit demonstrating that Plaintiff has not filed the pleading for any improper purpose, including the harassment of any party, the causing of unnecessary delay in this or any other action, or the needless increase in the cost of litigation.

Plaintiff is warned that failure to follow this order **will** result in summary dismissal and/or other sanctions the Court deems appropriate to remedy the situation.

**SO ORDERED.**

Dated:   July 30, 2007                               s/Paul V. Gadola
                                                     HONORABLE PAUL V. GADOLA
                                                     UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on  July 30, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: _____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:          Sabrina Pope                                                .

                                                        s/Ruth A. Brissaud
                                                      Ruth A. Brissaud, Case Manager
                                                      (810) 341-7845